**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
115 Broadway, 5th Floor
New York, NY 10006
Telephone: (646) 347-3940

*Attorney for Plaintiff Mehraban and the Proposed Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAYAM MEHRABAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOICOM CORPORATION, d/b/a RENPHO, RENPHO USA, INC. and PANATRADE LLC,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Case No. 3:26-cv-2304 |

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
115 Broadway, 5th Fl.
New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Plaintiff Payam Mehraban, on behalf of himself and all others similarly situated, brings this class action suit for damages and equitable relief against Joicom Corporation, d/b/a RENPHO, Renpho USA, Inc., and Panatrade LLC (collectively "Defendants" or "Renpho"). Mr. Mehraban alleges the following upon personal information, as to allegations as to himself, and on the investigation of his counsel and on information and belief as to all other allegations:

## NATURE OF THE ACTION

1. This is a class action lawsuit against Renpho, a company that sells "smart wellness technology" on its own website through other online vendors, such as Amazon. According to its CEO, "Renpho has focused on making science and technology-backed wellness more accessible" to consumers.[1] Unfortunately, Renpho has deceived its consumers in the process.

2. For years, Renpho has consistently advertised significant discounts for its wellness products on its own website and those of other vendors. But these representations are false. Renpho does not actually offer limited-times sales; instead, Renpho uses these representations to drive traffic and pressure consumers into making impulsive purchases, ultimately leading consumers to pay more for their wellness products than they are worth. These practices violate the laws of the State of California and several other states, all of which prohibit this form of deceptive advertising.

3. Accordingly, Mr. Payam brings claims on behalf of himself and all those similarly situated for unjust enrichment, fraud, violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200, *et seq.*, violations of False Advertising Law, Cal. Bus. & Prof. Code, §§ 17500, *et seq.*, violations of California Consumers Legal Remedies Act, Cal. Civ. Code, §§1750 *et seq.*, and violation of seventeen additional state statutes prohibiting false discounts.

## PARTIES

4. Plaintiff Payam Mehraban is domiciled in Fremont, California.

5. Defendant Joicom Corporation is a California company, having a principal place of business in Eastvale, California.

[1] https://www.prweb.com/releases/Renpho-celebrates-10-years-of-smart-wellness-leadership-with-impressive-ces-2026-showcase-302652139.html#:~:text=CES%202026%20is%20an%20important,at%20its%20core%20wellness%20innovations.&text=Established%20in%202016%2C%20Renpho%20was,Renpho%20on%20Instagram%20and%20TikTok.

979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103 JANOVE PLLC

6. Defendant Renpho USA, Inc. is a California company, having a principal place of business in Carson, California.

7. Defendant Panatrade LLC is a California company, having a principal place of business in Eastvale, California.

8. Defendants Joicom Corporation, Renpho USA, Inc. and Panatrade LLC (*i.e.*, Renpho) manufacture and market to United States consumers all Renpho branded products.

**JURISDICTION & VENUE**

9. This Court has jurisdiction over this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes are citizens of a different state than Renpho.

10. This Court has personal jurisdiction over Renpho because it conducts substantial business in this District, and a substantial part of the acts and omissions complained of occurred in this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Defendants are each incorporated and have their principal places of business in California and a substantial part of the events or omissions giving rise to Mr. Mehraban's claims occurred within this judicial district.

**DIVISIONAL ASSIGNMENT**

12. Assignment to the San Francisco or the Oakland Division is proper under Civil Local Rules 3-2(c) and 3-2(d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Contra Costa County.

**FACTUAL ALLEGATIONS**

13. Renpho is a self-described "global leader in smart wellness technology" that has been in operation since 2016.[2] Renpho sells smart scales, eye massagers, massage guns and other products ("Products") on its website and through online realtors, including Amazon and Target.

[2] https://www.prweb.com/releases/Renpho-celebrates-10-years-of-smart-wellness-leadership-with-impressive-ces-2026-showcase-302652139.html#:~:text=CES%202026%20is%20an%20important,at%20its%20core%20wellness%20innovations.&text=Established%20in%202016%2C%20Renpho%20was,Renpho%20on%20Instagram%20and%20TikTok.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

14. According to its website, millions of consumers have purchased Renpho products.[3]

15. Renpho's estimated annual revenue is between fourteen and twenty-nine million dollars.[4]

16. Renpho attributes this success to the affordability of its prices. According to its website, "Renpho was created from a simple idea, to give people affordable lifestyle products," but this narrative is misleading.[5]

17. Rather than offer genuine discounts to consumers through fair pricing and occasional, bona fide sales, Renpho employs a deceptive campaign to charge higher prices than a fair market would bear. In short, Renpho deceives consumers into believing that they are being offered significant, time-limited discounts while, in fact, charging consumers a price premium.

**A. Renpho Perpetually Lists Its Products as "On Sale."**

18. Like most online retailers, Renpho recognizes that consumers are drawn to a sale.

19. For years, Renpho has advertised sitewide sales—for instance, a "Summer Sale" in 2025—and has advertised individual items as marked down from a purported list-price.

20. When Renpho advertises products as "on sale," it does so with a uniform strategy. Renpho always displays a sale price and list price next to each product. The sale price is bold; the list price is struck through and displayed in a lighter, smaller font. Two examples are below:

---

[3] https://Renpho.com/ (claiming that more than twenty-million people use the Renpho Health App which integrates with Renpho's smart devices, for instance the Elis 1 Smart Body scale).

[4] https://www.zoominfo.com/c/Renpho/449664092 (estimating annual revenue at $14.2 million); https://growjo.com/company/Renpho (estimating annual revenue at $28.6 million).

[5] https://Renpho.com/pages/about-us

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103




https://web.archive.org/web/20251214175954/https://renpho.com/ (Dec. 14, 2025)




https://web.archive.org/web/20250716105251/https://renpho.com/ (July 16, 2025)

21. The same technique is deployed on third-party websites, such as Target and Amazon.







https://www.amazon.com/Renpho-Bluetooth-Bathroom-Composition-Smartphone/dp/B01N1UX8RW?ref_=ast_sto_dp&th=1 (Amazon; accessed Mar. 9, 2025)

https://www.target.com/b/Renpho/-/N-q643lex37u7 (Target; accessed Mar. 9, 2025)

22. Renpho also routinely promotes sitewide sales on its website. For instance, over the summer, Renpho advertised a "Summer Sale up to 50% off," in December 2025, it advertised a "Holiday Sale up to 60% off," and, in January a "New Years" sale. Renpho has also advertised Father's Day Sales, Mother's Day Sales and, until recently promoted a Valentines Day Sale.




https://web.archive.org/web/20250716105251/https://renpho.com/ (July 16, 2025)

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
115 Broadway, 5th Fl.
New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103




https://web.archive.org/web/20251214175954/https://renpho.com/ (Dec. 16, 2025)




https://web.archive.org/web/20250207022847/https://renpho.com/ (Feb. 7, 2025)

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

23. These tactics indicate to consumers that the Renpho's products are "on sale," *i.e.*, that each item is marked down form a bona fide price and this markdown is time limited.

24. That messaging is false and misleading because these so-called "sales" never end.

**B. Renpho Has Not Sold Its Products at Their Purported List-Price for Months.**

25. Renpho does not actually offer its products at a discount to consumers. Instead, it uses false advertising to artificially inflate the price of its goods, then calls them "affordable."

26. As described above, Renpho advertises its products as "on sale" and with a purported sale price and a purported list-price. However, past sales date shows that Renpho advertises its products as "on sale" even when it has not sold the item at its purported list price for months.

27. For instance, on February 7, 2026, Renpho advertised the MorphoScan Smart Body Scale ("Smart Scale") as "on sale" for $138.99 down from a list price of $199.99. It also advertised the AI Smart Bike 5 ("Smart Bike") as "on sale" for $469.99 down from $799.99.




https://web.archive.org/web/20250207022847/https://renpho.com/ (Feb. 7, 2026)

28. But the Smart Scale and Smart Bike were not offered at their purported list-prices in the seven months prior to February 7, 2026, and have not been offered at their list price since.

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
115 Broadway, 5th Fl.
New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

29. Between July 16, 2025, and February 7, 2026, the Smart Scale was perpetually "on sale" and never sold for more than $160.[6]

30. Over the same period, the Smart Bike was perpetually "on sale" and never sold for more than $500.[7]

31. Today, the Smart Scale is still being sold on Renpho's website at $149.99.

32. That price is nine dollars more than it was being sold for on February 7, 2026.

33. Nonetheless, the scale is advertised as "on sale" with a reference price of $179.99.




https://renpho.com/products/morphoscan-scale?variant=43650954363052 (Mar. 17, 2025)

34. This pattern is not isolated to the Smart Scale. Last December, Renpho listed its MorphoScan Nova Body Composition Scale ("Nova Scale") as "on sale" for $199.99 down from a purported list price of $219.99.[8]

---

[6] *See, e.g.*, https://web.archive.org/web/20250716105251/https://Renpho.com/ (July 16, 2025); https://web.archive.org/web/20250804201218/https://Renpho.com/ (Aug. 4, 2025); https://web.archive.org/web/20250925134032/https://Renpho.com/ (Sept. 25, 2025); https://web.archive.org/web/20251012203032/https://Renpho.com/collections/bestsellers-collection (Oct. 12, 2025); https://web.archive.org/web/20251203184823/https://Renpho.com/collections/smart-body-scale (Dec. 3, 2025).

[7] *See, e.g.*, https://web.archive.org/web/20250716104829/https://Renpho.com/products/smart-bike (July 16, 2025); https://web.archive.org/web/20250719105434/https://Renpho.com/products/smart-bike (July 19, 2025); https://web.archive.org/web/20250805232934/https://Renpho.com/products/smart-bike (Aug. 5, 2025); https://web.archive.org/web/20251012203032/https://Renpho.com/collections/bestsellers-collection (Oct. 12, 2025);

[8] https://web.archive.org/web/20251214175954/https://Renpho.com/ (Dec. 14, 2025).

35. More than three months into the new year, the Nova Scale was advertised as "on sale" for $199.99 down from $219.99, even though it was not sold or $219.99 in the ensuing months.




https://renpho.com/products/morphoscan-nova-body-composition-analyzer?variant=44798210572460 (Mar. 9, 2025)

36. Today, the Nova Scale is still marked as "on sale" now for $209.99.

37. Even though the Nova Scale is now ten dollars more expensive than it was just two weeks ago, Renpho is advertising the product as "on sale."

38. Renpho also advertises other products in this way after increasing their price.

39. For instance, on July 16, 2025, Renpho advertised the Smart Scale as "on sale" for $149.99.[9] A month later, that price rose to $159.99; it was still marketed as "on sale."[10]

40. On the same day, Renpho advertised the Active+ Thermacool massage gun as "on sale" for $94.99 even though it had sold the product for $87.99 on June 17, 2025.[11]

41. These examples show that (1) Renpho advertises products as "on sale" as a matter of course, even when it has not sold the listed product at its purported sale price for weeks, months

[9] https://web.archive.org/web/20250716105251/https://renpho.com/

[10] https://web.archive.org/web/20250812210605/https://renpho.com/.

[11] https://web.archive.org/web/20250617150208/https://renpho.com/products/acitve-massage-gun-with-heat-and-cold-head (July 16, 2025); https://web.archive.org/web/20250716105251/https://renpho.com/ (June 17, 2025).

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

or at any time in the past, and (2) Renpho advertises product as "on sale" even if the current sale price represents an increase from the price Renpho charged just weeks before.

**C. False Reference Prices Reliably Deceive Reasonable Consumers.**

42. According to a recent meta-study, "empirical evidence suggests that fictitious pricing can produce significant positive financial returns for firms, *leading to consumer welfare loss*." [12] (emphasis added). Fictious prices create market "noise" that "can shift the firm's demand function outward, reduce consumers' search, and lead to higher prices" at consumers' expense.[13]

43. Years earlier, a prominent study from the Harvard Business School made similar findings in a laboratory setting. There, researchers observed that experiments and other data evidenced that false discounts are "a powerful tool to enhance demand" and have a particularly strong influence on "less-informed consumers."[14]

44. These findings are reinforced by an FTC Staff Report titled *Bringing Dark Patterns to Light*, published September 1, 2022. According to the FTC, false discounts, false limited time messages, claims that an item is almost sold out when there is actually ample supply, and false claims that other people have recently viewed an item each create a "false belief"—specifically, an illusion of urgency, putting undue pressures on customers to "buy immediately[.]".[15]

45. Economists have long recognized this phenomenon: "Because a promotional discount is available only for a short period, consumers know they must respond immediately."[16]

46. For that reason, consumer demand for products that are purportedly "on sale" will not significantly decrease if the purported sale price of the product is raised. Research has confirmed that price elasticity—that is, consumers' sensitivity to price increases—is far *lower* when a product

[12] Staelin, Urbany, & Ngwe, *Competition and the Regulation of Fictitious Pricing*, 87 J. OF MKTG. 827 (2023) (emphasis added).

[13] *Id*. at 828.

[14] Donald Ngwe, *Fake Discounts Drive Real Revenues in Retail*, Harvard Business School Working Paper (2018), available at www.hbs.edu/ris/Publication%20Files/18-113_16977967-84c0-488d-96e5-ffba637617d9.pdf.

[15] FTC Staff Report, *Bringing Dark Patterns to Light* at 4, 25 (Sept. 2022), available at https://www.ftc.gov/system/files/ftc_gov/pdf/P214800%20Dark%20Patterns%20Report%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%20-%20FINAL.pdf. *See also*

[16] Bijmolt, van Heerde, Pieters, *New Empirical Generalizations on the Determinants of Price Elasticity*, 42 J. MKTG. RSCH. 141, 149 (2005).

979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103
JANOVE PLLC

is listed as on sale, with some studies indicating that listing a product as "on sale" can decrease consumer price sensitivity by nearly a factor of two.[17]

47. In short, labeling a product as "on sale" makes consumers less reactive to an increase in price and allows firms to charge a higher price for a product than they otherwise could.

48. Renpho knows that by falsely advertising its Products as "on sale" it can induce demand for them and extract a higher price from consumers than it could otherwise charge.

49. By engaging in the false advertising described above, Renpho has artificially induced demand for its Products and has then charged higher prices for its Products than it otherwise could.

50. As a result, consumers like Mr. Mehriban have been harmed by Renpho's scheme.

**D. Plaintiff Mehraban's Purchase.**

51. Around late December 2023, Mr. Mehraban began searching online for a smart scale.

52. Mr. Mehraban found Renpho's website through a Google search.

53. On Renpho's website, Mr. Mehraban saw various statements advertising sales on Renpho's wellness products, including a sale on the Elis 1 Smart Body Scale ("Elis Scale"). The Elis Scale was advertised as "on sale" for $23.00 down from a purported list-price of $69.99.

54. On January 2, 2024, Mr. Mehraban visited Renpho's Amazon storefront.

55. Mr. Mehraban again saw the Elis Scale on sale, as indicated by a strikethrough price and purported sale price on the Amazon product page.

56. The listed sale price of the Elis Scale on Renpho's Amazon storefront was $29.99.

57. Mr. Mehraban confirmed that the sale price advertised for the Elis Scale on Renpho's Amazon storefront was the same as the sale price advertised on Renpho's website.

58. Based on these representations, Mr. Mehraban decided to purchase the Elis Scale and, specifically, thought to himself that the Elis Scale was "the best option at the best price."

59. On January 2, 2024, Mr. Mehraban purchased an Elis Scale.

60. Mr. Mehraban made his purchase through Renpho's Amazon storefront.

---

[17] *Id.*; *see, e.g.*, Ataman, van Heerde, Mela, *The Long-Term Effect of Marketing Strategy on Brand Sales*, 47 J. MKTG. RSCH. 866, 874 (2010) (observing "promotional price elasticity" at -3.35 and "regular price elasticity" at -1.45 "consistent with the results of Bijmolt, [et al., *supra* note 16]").

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

61. Mr. Mehraban would not have bought the Elis 1 Smart Body Scale but for (i) the many representations on Renpho's website advertising a "sale" and (ii) the specific strikethrough and sale prices he saw on both Renpho's website and Amazon storefront for the Elis Scale.

**CLASS ACTION ALLEGATIONS**

62. Mr. Mehriban brings this action on behalf of himself and on behalf of the following proposed Nationwide Class, initially defined as follows:

> All individuals in the United States who bought a Product advertised at a discount within the relevant limitations period.

63. Mr. Mehriban also brings this action on behalf of himself and on behalf of the following proposed California Subclass, initially defined as follows:

> All individuals in California who bought a Product advertised at a discount within the relevant limitations period.

64. Mr. Mehriban also brings this action on behalf of himself and on behalf of the following proposed False Discounting Subclass, initially defined as follows:

> All individuals in Alaska, Connecticut, Hawaii, Illinois, Louisiana, Massachusetts, Michigan, Missouri, Montana, North Dakota, Ohio, Oregon, South Dakota, Utah, Vermont, Virginia and Wisconsin who bought a Product advertised at a discount within the relevant limitations period.

65. Excluded from the proposed Classes are Renpho and its parents, subsidiaries, affiliates, officers, and directors, and any entity in which Renpho has a controlling interest.

66. Mr. Mehriban reserves the right to re-define any of the class definitions prior to class certification and after having the opportunity to conduct discovery.

67. The claims of all class members derive directly from a single course of conduct by Renpho, which has engaged and continues to engage in uniform and standardized conduct toward the putative class members. Renpho does not differentiate, in degree of care or candor, in its actions or inactions, or the content of its statements or omissions, among individual class members.

68. Certification of Mr. Mehriban's claims is appropriate because he can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

69. Accordingly, Mr. Mehriban brings this lawsuit as a class action on his own behalf and on behalf of all other individuals similarly situated pursuant under Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

70. Specifically, this action has been properly brought and may properly be maintained as a class action under Rule 23(a)(1-4), Rule 23(b)(1), (2), or (3), and/or Rule 23(c)(4) of the Federal Rules of Civil Procedure.

71. **Numerosity** (Fed. R. Civ. P. 23(a)(1)). The members of the proposed Classes are each so numerous that their individual joinder would be impracticable. While the exact number is not known at this time, it is generally ascertainable by appropriate discovery, and it is believed each Class includes many tens of thousands of members. The precise number of class members, and their addresses, are unknown to Mr. Mehriban at this time but can be ascertained from Renpho's records.

72. **Ascertainability.** The Classes are ascertainable because their members can be readily identified using business records, and other information kept by Renpho in the usual course of business and within its control. Mr. Mehriban anticipates providing appropriate notice to the Classes to be approved by the Court after class certification, or pursuant to court order.

73. **Commonality and Predominance** (Fed. R. Civ. P. 23(a)(2); 23(b)(3)). Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual class members. The common legal and factual questions include, without limitation:

a. Whether Renpho's marketing claims about its Products are misleading to a reasonable consumer;

b. Whether Renpho engaged in the conduct alleged in this Complaint;

c. Whether Renpho violated the applicable statutes alleged herein;

d. Whether Mr. Mehriban and the class members are injured and harmed directly by Renpho's conduct;

e. Whether Mr. Mehriban and the class members are entitled to damages due to Renpho's conduct as alleged in this Complaint, and if so, in what amounts;

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

f. Whether Mr. Mehriban and the class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief as requested in this Complaint;

g. Whether Mr. Mehriban and the class members are entitled to actual, compensatory, nominal, enhanced, and/or punitive damages;

h. Whether Mr. Mehriban and the class members are entitled to injunctive, declaratory relief, or other equitable relief; and,

i. Whether Mr. Mehriban and the class members are entitled to reasonable attorneys' fees and costs.

74. **Typicality of Claims** (Fed. R. Civ. P. 23(a)(3)). The claims of Mr. Mehriban and the putative class members are based on the same legal theories and arise from the same unlawful and willful conduct of Renpho, resulting in the same injury to Mr. Mehriban and the putative class members. Mr. Mehriban and all class members are similarly affected by Renpho's wrongful conduct, were damaged in the same way, and seek the same relief. Mr. Mehriban's interests coincide with, and are not antagonistic to, those of the other class members. He has been damaged by the same wrongdoing set forth in this Complaint.

75. **Adequacy of Representation** (Fed. R. Civ. P. 23(a)(4)). Mr. Mehriban is an adequate representative of the Classes because his interests do not conflict with the interests of the class members, and they have retained competent and experienced class counsel. He and his counsel will fairly and adequately protect the interest of the class members.

76. **Superiority of a Class Action** (Fed. R. Civ. P. 23(b)(3)). A class action is superior to other available means for the fair and efficient adjudication of the claims of Mr. Mehriban and class members. Thise is no special interest in class members individually controlling the prosecution of separate actions. The damages suffered by individual class members, while significant, are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Renpho's conduct. Further, it would be virtually impossible for the class members individually to redress effectively the wrongs done to them. And, even if class members themselves could afford such individual litigation, the court system could not, given the tens or even hundreds

979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103
JANOVE PLLC

of thousands of cases that would need to be filed. Individualized litigation would also present a potential for inconsistent or contradictory judgments. Individualized litigation would increase the delay and expense to all parties and the court system, given the complex legal and factual issues involved. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

77. **Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief** (Fed. R. Civ. P. 23(b)(1) and (2)). In the alternative, this action may properly be maintained as a class action, because:

(a) the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members, which would establish incompatible standards of conduct for Renpho; or

(b) the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

(c) Renpho has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Classes as a whole.

**FIRST CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of Mehriban and the Nationwide Class)**

78. Plaintiff Mehriban incorporates by reference all allegations in this Complaint and restate them as if fully set forth herein.

79. Mr. Mehriban and members of the Nationwide Class conferred a tangible economic benefit on Renpho in the form of monetary payments for its Products, which were purchased based on Renpho's representations regarding purported time limited sales and discounts or the representations made on third-party websites at Renpho's direction.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

80. Renpho knowingly accepted and retained these financial benefits under circumstances that make such retention unjust. Renpho falsely marketed and sold its Products as "on sale" or otherwise subject to time limited discounts, claims that were false, misleading, and not substantiated by the actual retail price of the Products.

81. Mr. Mehriban and members of the Nationwide Class did not receive the full value of what they paid for. Had they known the truth, Mr. Mehriban and class members would not have purchased the Products or would have paid significantly less for them.

82. Mr. Mehriban and members of the Nationwide Class lack an adequate remedy at law.

83. It would be inequitable for Renpho to retain the profits from the sale of these deceptively marketed Products, as the enrichment was obtained through false and misleading labeling and marketing, omissions of material fact, and a campaign designed to create the false impression that the Products were worth more than the prices they were sold at.

84. Renpho's conduct has therefore caused and is causing immediate and irreparable injury to Mr. Mehriban and members of the Nationwide Class and will continue to damage Mr. Mehriban and the class members and deceive the public unless enjoined by this Court.

**SECOND CAUSE OF ACTION**
**Fraud**
**(On Behalf of Plaintiff Mehriban and the Nationwide Class)**

85. Plaintiff Mehriban incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

86. Renpho, through its website and the websites of other online realtors, represented that its Products were "on sale" as part of purported limited time or seasonal discounts—such as a "Holiday Sale" and "New Years Sale," among others—and caused purported sale prices and false reference prices for each of its Products to be prominently displayed on these platforms.

87. Renpho did not disclose the truth on any platform, *i.e.*, that its Products were not actually "on sale" and that purported sale prices were, in fact, the item's ordinary, market price.

88. Renpho caused these misrepresentations and omissions to be made intending to deceive Mr. Mehriban and class members into purchasing the Products at their fake sale price.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

89. When Renpho advertised sales, promoted specific sale prices and listed purported reference prices, it knew those representations were false and misleading. Renpho knew its Products were not being sold for a discount. Renpho also knew that its conduct—specifically, advertising its Products as on sale—had artificially induced demand for its Products.

90. The misrepresentations and omissions were also material because the price of the Products and the existence of any discount on them are important factors to a reasonable consumer.

91. Renpho's fraudulent misrepresentations and omissions directly and proximately caused injury in fact and actual damage to Mr. Mehriban and members of the Nationwide Class. Absent Renpho's misrepresentations and omissions, Mr. Mehriban and the class members would not have purchased the Products or would have paid substantially less for them.

92. Mr. Mehriban seeks compensatory and punitive damages in an amount to be determined at trial on behalf of himself and the Nationwide Class.

**THIRD CAUSE OF ACTION**
**Violations of Consumers Legal Remedies Act (the "CLRA")**
**California Civil Code § 1750, *et seq*.**
**(On Behalf of Plaintiff Mehriban and the California Subclass)**

93. Plaintiff Mehriban incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

94. Renpho's actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

95. Mr. Mehriban and other California Subclass members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

96. The Products that Mr. Mehriban (and other similarly situated California Subclass members) purchased from Renpho were "goods" within the meaning of California Civil Code § 1761(a).

97. By engaging in the actions, representations, and conduct set forth in the Complaint, Renpho has violated, and continues to violate, §§ 1770(a)(5), 1770(a)(7), 1770(a)(9) and 1770(a)(13) of the CLRA.

979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103
JANOVE PLLC

98. Renpho violated § 1770(a)(5) by representing that the Products have characteristics which they do not have.

99. Renpho violated § 1770(a)(7) by misrepresenting that the Products are of a particular standard, quality or grade.

100. Renpho violated § 1770(a)(9) by advertising the Products with an intent not to sell them as advertised.

101. Renpho violated § 1770(a)(13) by making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

102. Renpho's acts, practices, and omissions, set forth above, led consumers to falsely believe that the Products were and are being offered at a discount.

103. In fact, the purported discount price the Products are sold at is the customary price.

104. Mr. Mehriban and members of the California Subclass reasonably relied on Renpho's representations and omissions. The representations and omissions were material because a reasonable consumer would consider the existence of a discount an important factor in deciding whether to purchase the Products and those representations and omissions were a substantial factor in Mr. Mehriban's purchase decision.

105. Renpho's violations of the CLRA directly and proximately caused injury in fact and damage to Mr. Mehriban and the California Subclass. Absent those misrepresentations and omissions, Mr. Mehriban and the class members would not have purchased the Products or would have paid substantially less for them.

106. Mr. Mehriban seeks relief for violations of the CLRA in the form of restitution, and/or disgorgement of ill-gotten gains to compensate and make whole himself and the California Subclass. Restitution is appropriate because it is more certain, prompt, and efficient as compared to damages. Further, to obtain a full refund as damages, Mr. Mehriban would have to show that the Products no market value, whereas that showing is not required for restitution.

107. Mr. Mehriban also seeks injunctive relief in the form of an order enjoining Renpho from continuing to deceptively market its Products. Injunctive relief is appropriate because Renpho continues to deceptively market its Products as "on sale" and continues to claim that those sales

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

represent limited time or seasonal offers. Injunctive relief is therefore necessary to prevent Renpho from continuing to engage in unlawful conduct and to prevent future harm to Mr. Mehriban and the California Subclass, which cannot be achieved only through available legal remedies.

108. **Permanent public injunctive relief.** Mr. Mehriban, acting as private attorney general, also seeks public injunctive relief to protect the general public from Renpho's conduct. Renpho's false advertising is ongoing and will continue to harm the public absent a permanent public injunction. Accordingly, Mr. Mehriban seeks permanent injunction to enjoin Renpho from engaging in the misconduct alleged herein.

**FOURTH CAUSE OF ACTION**
**Violations of California Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code §§ 17200, *et seq*.**
**(On Behalf of Plaintiff Mehriban and the California Subclass)**

109. Plaintiff Mehriban incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

110. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertisement. Cal. Bus. & Prof. Code § 17200.

111. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

112. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

113. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

114. Renpho has violated the "unlawful" prong under the UCL and has engaged in "unfair, deceptive, untrue or misleading" advertising.

115. The Federal Trade Commission Act prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and specifically prohibits false advertisements. 15

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

U.S.C. § 52(a). Renpho's use of fake discounts to sell its Products are deceptive practices that violate the FTC Act and federal regulations.

116. 16 C.F.R.§ 233.1 states:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.
>
> (b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith—and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based. And the advertiser should scrupulously avoid any implication that a former price is a selling, not an asking price (for example, by use of such language as, "Formerly sold at $______"), unless substantial sales at that price were actually made.

117. California law also prohibits false former pricing schemes. Cal. Bus. & Prof. Code § 17501, entitled "Value determinations; Former price advertisements," states:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

118. As further detailed in the Third Cause of Action above, California's Consumers

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Legal Remedies Act also prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," Cal. Civ. Code § 1770(a)(9), and prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions," *id.* § (a)(13), among other provisions of the CLRA.

119. Renpho's false advertising scheme as alleged herein violates the unlawful prongs of the UCL since it violates 16 C.F.R. § 233.1, Cal. Bus. & Prof. Code § 17501, Cal. Civ. Code §§ 1770(a)(9) and (a)(13).

120. Renpho has also violated the "unfair" prong of the UCL by falsely representing that its consumers received a discount from a referenced "original" former price of its Products. Additionally, Renpho has violated the "unfair" prong of the UCL by falsely representing that its Products were offered on unique, time-sensitive or seasonal discounts when, in fact, these sales were perpetual. Finally, Renpho has violated the "unfair" prong of the UCL by using language to indicate that the Products would quickly sell out when, in fact, that was not the case.

121. These acts and practices are unfair because they were likely to cause consumers to falsely believe that Renpho was offering value, discounts, or bargains from the prevailing market value or worth of the products sold that do not, in fact, exist.

122. As a result, purchasers (including Mr. Mehriban) reasonably understood that they were receiving valuable price reductions on their purchases. This, in turn, has induced reasonable purchasers to buy Renpho's Products that they would not have otherwise purchased or to pay more than if they had known about the false advertising.

123. The gravity of the harm to Mr. Mehriban and members of the California Subclass resulting from these unfair acts and practices outweighs any conceivable reasons, justifications, or motives that Renpho may have had for engaging in such deceptive acts and practices.

124. Additionally, Renpho has violated the "fraudulent" prong of the UCL because its marketing and advertising materials included false "original" prices and because these same materials also suggested advertised "sale" prices were time limited.

125. Renpho's acts and practices deceived Mr. Mehriban and the California Subclass at large. Specifically, Mr. Mehriban and the California Subclass relied on these misleading and

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

deceptive representations regarding limited-time sales and discounts.

126. Mr. Mehriban and the California Subclass never received the benefit of their bargains with Renpho because they did not receive any actual discount, contra to Renpho's misrepresentations. Mr. Mehriban and California Subclass members did not receive Products that were worth the inflated amount that Renpho represented to them as the original reference prices; the Products did not regularly sell for, and were not actually worth, the fictitious reference prices advertised by Renpho.

127. As a result of these violations under each of the fraudulent, unfair, and unlawful prongs of the UCL, Renpho has been unjustly enriched at the expense of Mr. Mehriban and members of the California Subclass. Specifically, Renpho has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading, and deceptive conduct

128. Through its unfair acts and practices, Renpho has unlawfully obtained money from Mr. Mehriban and the class members. As such, Mr. Mehriban requests that this Court order Renpho restore this money to Mr. Mehriban and all California Subclass members. He further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

129. Mr. Mehriban and the California Subclass members also lack an adequate remedy at law for future harm and seek to enjoin Renpho from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Mr. Mehriban and these class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

130. **Permanent public injunctive relief.** Mr. Mehriban, acting as private attorney general, also seeks public injunctive relief to protect the general public from Renpho's conduct.

131. Renpho's false advertising is ongoing and will continue to harm the public absent a permanent public injunction. Accordingly, Mr. Mehriban seeks a permanent injunction to enjoin Renpho from engaging in the misconduct alleged herein.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

**FIFTH CAUSE OF ACTION**
**Violations of California False Advertising Law ("FAL")**
**Cal. Bus. & Prof. Code §§ 17500, *et seq.***
**(On Behalf of Plaintiff Mehriban and the California Subclass)**

132. Plaintiff Mehriban incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

133. The FAL prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value, and former price. Renpho's false advertising scheme misrepresents the existence of limited time sales violate the FAL.

134. Furthermore, the FAL provides that: "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501.

135. Renpho has falsely advertised former prices that were not true former prices and were not the prevailing market price in the three months immediately preceding the advertisement.

136. Through its unfair acts and practices, Renpho has unlawfully obtained money from Mr. Mehriban and the California Subclass members. As such, Mr. Mehriban requests that this Court order Renpho to restore this money to himself and all members of the California Subclass. He further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

137. Mr. Mehriban and the members of the California Subclass also lack an adequate remedy at law for future harm and seek to enjoin Renpho from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Mr. Mehriban and these class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

138. **Permanent public injunctive relief.** Mr. Mehriban, acting as private attorney general, also seeks public injunctive relief to protect the general public from Renpho's conduct.

139. Renpho's false advertising is ongoing and will continue to harm the public absent a permanent public injunction. Accordingly, Mr. Mehriban seeks a permanent injunction to enjoin Renpho from engaging in the misconduct alleged herein.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

**SIXTH CAUSE OF ACTION**
**Violations of the False Discount Laws of Seventeen States**
**(On Behalf of Plaintiff Mehriban and the False Discounting Subclass)**

140. Plaintiff Mehriban realleges and incorporate by reference all allegations in this Complaint and restate them as if fully set forth herein.

141. Mr. Mehriban brings this claim on behalf of the Nationwide Class for violations of the consumer protection laws of several states. Mr. Mehriban brings these statutory claims pursuant to the "False Discount Laws" identified below, all of which were enacted and designed to outlaw and protect consumers from deceptive false discounting schemes like that alleged here and which resemble the requirements imposed by Cal. Bus. & Prof. Code § 17501.

142. The following statutes are collectively referred to as the False Discount Laws:

a. **9 Ala. Admin. Code §§ 05.020, 05.030, & 05.050**, actionable under Ala. Stat. §§ 45.50.471 and 45.50.531;

b. **Conn. Agencies Regs. §§ 42-110b-10a, 42-110b-12a, 42-110b-13a, and 42-110b-19**, actionable under Conn. Gen. Stat. §§ 42-110b and 42110g;

c. **Haw. Admin. Rules §§ 16-303-5, 16-303-6,** actionable under Haw. Rev. Stat. §§ 480-2 and 480-13;

d. **14 Ill. Admin. Code §§ 470.210, 470.220, 470.230, 470.240, 470.250, 470.290**, actionable under 815 ILCS 505/2 and 505/10a;

e. **16 La. Admin. Code §§ 303, 305, 307, 309, 311, 317**, actionable under La. Rev. Stat. §§ 51:1405(A) and 51:1409;

f. **940 Code of Mass. Reg. §§ 6.05, 6.07**, actionable under Mass. Gen. L. 93A §§ 2 and 9;

g. **Mich. Complied Laws § 445.106a**, actionable under Mich. Compiled Laws §§ 445.107 and 445.108;

h. **15 Mo. CSR §§ 60-7.060, 60-7.110,** actionable under Mo. Rev. Stat. § 407.025

i. **Mont. Admin. R. § 23.19.101**, actionable under Mont. Code §§ 30-14-103 and 30-14-133

j. **N.D. Admin. Code §§ 10-15-01-01, 10-15-01-02, 10-15-01-03, 10-15-01-04, 10-**

**15-01-05, 10-15-01-06, and 10-15-01-09**, actionable under N.D. Century Code §§ 51-15-02;

k. **Ohio Admin. Code § 109:4-3-12 and Ohio Rev. Code § 1345.02**, actionable under Ohio Rev. Code § 1345.09;

l. **Or. Admin. R. 137-020-0010(6) and Or. Rev. Stat. §§ 646.881, 646.883, 646.885**, actionable under Or. Rev. Stat. §§ 646.608 and 646.638;

m. **S.D. Codified L. § 37-24-6**, actionable under S.D. Codified L. § 37-24-31;

n. **Utah Code §§ 13-11a-2, 13-11a-3, 13-11a-4**, actionable under § 13-11a-4;

o. **Vt. Admin. Code § 3-2-108:CP 110**, actionable under 9 Vt. Stat. §§ 2453 and 2461;

p. **Va. Code §§ 59.1-207.40, *et seq.***, actionable under Va. Code §§ 59.1-200 and 204;

q. **Wis. Admin. Code §§ ATCP 124.01, *et seq.***, actionable under Wis. Stat. § 100.20.

143. The False Discount Laws expressly outlaw price reductions or comparisons that are not based on bona fide past pricing and expressly outlaw certain uses of the word "sale" (or similar terminology) and define those practices as unfair, unlawful or deceptive trade practices.

144. Mr. Mehriban and members of the Nationwide Class have standing to assert claims for violations of the False Discount Laws because they are "consumers" within the meaning of each state's respective consumer protection statutes, Renpho's Products are "goods" or "services" within the meaning of those statutes, and Renpho's practices were addressed to the market generally, and to each state's domestic market specifically, and otherwise implicate consumer protection concerns.

145. Renpho's representations, as described above, constitutes "advertising" within the meaning of the False Discount Laws and Renpho's advertising of purported sale and reference prices constitute "sale" and "reference" prices within the meaning of the False Discount Laws.

146. Renpho has advertised, and continues to advertise, its Products with sale prices and as "on sale" in violation of the False Discount Laws because it has not offered its Products for sale at their purported reference price within the period required under the False Discount Laws.

147. Accordingly, Renpho has engaged in and continues to engage in unfair, unlawful, deceptive and fraudulent trade practices that violate the False Discounting Laws.

148. Renpho's acts, practices, and omissions led Mr. Mehriban and members of the

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Nationwide Class to falsely believe that the Products were discounted when they were not.

149. Renhpo intended for Mr. Mehriban and the Nationwide Class to rely on these false representations and Mr. Mehriban and the Nationwide Class did rely on those representations and omissions to their detriment. Had they known that Renpho's Products were not actually on sale, they would not have bought them or would have paid significantly less for the Products.

150. Renpho advertised and continues to advertise false discounts to increase its profit.

151. As a direct and proximate result of Renpho's acts and omissions, Mr. Mehriban and class members have suffered and continue to suffer injury in fact and have lost money as result.

152. Mr. Mehriban seeks on behalf of himself and class members actual, compensatory and punitive damages, as available under each respective statute, to restore all monies acquired by Renpho from the Nationwide Class through its false advertising, plus interest thereon.

153. Mr. Mehriban also seeks to recover attorneys' fees, costs and expenses.

154. Mr. Mehriban also seeks an injunction to prohibit Renpho from continuing to falsely advertise its products as "on sale" and a declaration that Renpho's acts and omissions are and were unlawful under each of the Perpetual Discount Laws.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Mehriban, on his own behalf and the proposed Classes, pray for relief and judgment against Renpho as follows:

A. certifying the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Mr. Mehriban as representative of the Classes, and designating his counsel as Class Counsel;

B. awarding Mr. Mehriban and the Classes compensatory damages, actual damages, statutory damages and punitive damages as available and in an amount exceeding $5,000,000, to be determined by proof;

C. granting Mr. Mehriban and the Classes declaratory and equitable relief, including restitution and disgorgement;

D. enjoining Renpho from continuing to engage in the wrongful acts and practices alleged herein;

E. awarding Mr. Mehriban and the Classes the costs of prosecuting this action, including expert witness fees;

F. awarding Mr. Mehriban and the Classes reasonable attorneys' fees and costs as allowable by law;

G. awarding pre-judgment and post-judgment interest; and

H. granting any other relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Mr. Mehriban hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DATED: March 17, 2026

By: /s/ *Raphael Janove*
Raphael Janove

**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
115 Broadway, 5th Floor
New York, NY 10006
Telephone: (646) 347-3940

*Attorney for Plaintiff and the Proposed Classes*

I, Payam Mehraban, declare:

1. I am a Plaintiff in this action. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2. I submit this Declaration pursuant to California Code of Civil Procedure § 2015.5 and California Civil Code § 1780(d).

3. I reside in the state of California. As set forth in my complaint, I purchased a scale from Defendants, specifically the Elis 1 Smart Body Scale.

4. Because I reside in Fremont County, the Northern District of California is the proper place for the trial of this action.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

03/17/26 Payam Mehraban (Mar 17, 2026 01:17:18 PDT)

Date Payam Mehraban